**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FOCAL POINT, L.L.C.,** ) | **Civil Action No. _____** |
| ) | |
| **Plaintiff,** ) | **Jury Trial Demanded** |
| ) | |
| **v.** ) | FILED: MAY 16, 2008 |
| ) | 08CV2859  RCC |
| **RUUD LIGHTING, INC.,** ) | JUDGE KENNELLY |
| ) | MAGISTRATE JUDGE DENLOW |
| **Defendant.** ) | |
| ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT
OF TRADEMARK NON-INFRINGEMENT**

Plaintiff, Focal Point, L.L.C. ("Focal Point"), seeks a declaratory judgment against Defendant Ruud Lighting, Inc. ("Ruud"), that Focal Point does not infringe Ruud's Trademark No. 3,286,694 ("the '694 trademark registration") for "AVIATOR" or any other alleged trademark rights that Ruud has in the mark "AVIATOR," whether common law or otherwise. In support of its request for a declaratory judgment, Focal Point states the following:

**THE PARTIES**

1.      The Plaintiff, Focal Point, is a limited liability corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 4201 South Pulaski Road, Chicago, Illinois, 60632.

2.      On information and belief, the Defendant, Ruud, is a corporation organized and existing under the laws of the State of Wisconsin and has a principal place of business at 9201 Washington Avenue, Racine, Wisconsin, 53406.

## JURISDICTION AND VENUE

3.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Federal Rule of Civil Procedure 57, and the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*., to resolve an actual and justiciable controversy now existing between the parties.

4.      Focal Point seeks a declaratory judgment that it does not infringe the '694 trademark registration or any other trademark rights that Ruud has in "AVIATOR," whether common law or otherwise.

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331, 1367(a), and 2201, as well as 15 U.S.C. § 1121(a).

6.      This Court has personal jurisdiction over Ruud based upon its contacts with this judicial district, including, on information and belief, its regular business contacts with the forum, and its efforts to enforce the '694 trademark registration and its purported rights in "AVIATOR" against a known forum resident, Focal Point.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) based on Ruud's contacts with the forum, including on information and belief, its regular business contacts with the forum, and its efforts to enforce the '694 trademark registration and its purported rights in "AVIATOR" against a known forum resident, Focal Point.

## FOCAL POINT AND ITS ARCHITECTURAL LIGHTING PRODUCTS

8.      Focal Point is a family-owned, Chicago-based business that designs, manufactures, and sells architectural lighting fixtures.  Focal Point's architectural lighting fixtures are for use in indoor settings that require aesthetic lighting solutions, such as office and educational settings.  To that end, Focal Point has designed, manufactured, and sold many types

of architectural lighting fixtures.  For example, two of Focal Point's ceiling mounted, recessed architectural lighting fixtures are shown below in Illustration 1.

 

**Illustration 1**.  Focal Point's Sky<sup>TM</sup> Fixture is shown on the left, and Focal Point's Luna® Fixture is shown on the right.

9.      As an additional example, two of Focal Point's ceiling mounted, suspended architectural lighting fixtures are shown below in Illustration 2.

 

**Illustration 2**.  Focal Point's Metro™ Fixture is shown on the left,
and Focal Point's Avenue ® Fixture is shown on the right.

10.     Focal Point's mission is to bring artistry to the architectural lighting market within which it operates.   Additional information about Focal Point, its "The Art of Light®" philosophy, and its architectural lighting products can be found at its web site, www.focalpointlights.com.

11.     Focal point recently designed a new, high-efficiency, indoor, ceiling mounted, recessed lighting fixture that it plans to sell under the trademark "AVIATOR."   To that end, Focal Point filed a federal intent-to-use trademark application with the United States Patent and Trademark Office ("the Trademark Office") on February 22, 2008, for "AVIATOR" for "indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings."   A copy of Focal Point's application to register "AVIATOR," U.S. Serial No. 77/403,905, is attached as Exhibit A.

4

12.    To promote Focal Point's new recessed "AVIATOR" architectural light fixture, and in preparation for an upcoming lighting industry trade show called Lightfair International, Focal Point prepared an advertisement for its "AVIATOR" fixture that it placed in several architectural lighting publications distributed in April and May 2008.   Focal Point's print advertisement is shown in Illustration 3 below.



**Illustration 3**.  Focal Point's "AVIATOR" Advertisement.

13.    In addition to the print advertisement above, on May 7, 2008, Focal Point sent an email to potential Lightfair International trade show attendees regarding its "AVIATOR" fixtures.  Focal Point's email announcement is shown in Illustration 4 below.



**Illustration 4**.  Focal Point's "AVIATOR" Announcement Email.

**RUUD, ITS REGISTRATION, AND ITS INFRINGEMENT ACCUSATIONS**

14.     Ruud is the record owner of the '694 trademark registration for "AVIATOR."  A copy of the certificate of registration from the Trademark Office web site is attached as Exhibit B.  As shown in Exhibit B, the '694 trademark registration narrowly defines specific goods associated with the "AVIATOR" mark.  Specifically, the '694 trademark registration is limited to use of the mark in connection with only "outdoor pole-mounted or wall-mounted electrical parking, roadway and area lighting fixtures."

15.    Presumably after viewing a copy of Focal Point's email regarding Lightfair International, Ruud's counsel wrote to Focal Point's counsel on May 9, 2008, "insist[ing]" that Focal Point "not promote lighting products under the 'Aviator' mark at the 2008 LightFair [sic] or otherwise."  A copy of this letter is attached as Exhibit C.

16.    Ruud's May 9, 2008, letter admits that Ruud's registration for "AVIATOR" covers only "outdoor pole-mounted or wall-mounted electrical parking, roadway and area lighting fixtures."  Ruud's letter further admits that Focal Point's use of the mark is in connection with very different goods, namely "indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings." (Exhibit C.)

17.    In addition to Ruud's demand that Focal Point not use "AVIATOR," Ruud's counsel asserted that Focal Point's "planned use of the trademark 'Aviator' constitutes infringement of [Ruud's] AVIATOR trademark in that it would create a likelihood of public confusion." (*Id.*)  Ruud further alleged that "[t]his would be very damaging to [Ruud] – and to the public interest." (*Id.*)

18.    While Focal Point has designed, manufactured, and sold many architectural lighting fixtures for use in indoor settings that require aesthetic, architectural lighting solutions, Focal Point does not make lighting fixtures or any other types of products that are intended to be used outdoors.  Nor does Focal Point make any pole mounted products or products for lighting parking lots or roads.  Focal Point's and Ruud's "AVIATOR" products are not competitive with one another.

### "AVIATOR": CRITICAL STATEMENTS RUUD MADE TO THE TRADEMARK OFFICE

19.    During the course of procuring ("prosecution") what became the '694 trademark registration, Ruud made several statements to the Trademark Office that underscore the narrow

scope of Ruud's alleged trademark rights.   Excerpts of the relevant portions of Ruud's submissions to the Trademark Office are attached as Exhibit D.

20.    During prosecution of what became the '694 trademark registration, the Trademark Office objected to Ruud's application on the basis of another registration for the mark "AVIATOR" for lighting products, specifically, U.S. Registration No. 2,735,112  for flashlights owned by SureFire.   In responding to the Trademark Office's objection, Ruud explained that simply because its "AVIATOR" goods and SureFire's "AVIATOR" goods involved lighting, this does not automatically lead to a likelihood of confusion:

> First, the goods of the '112 Registration and applicant's goods are radically different. Simply because the goods in question both involve lighting does not *per se* require a finding of likelihood of confusion. *In re Quadram Corp.*, 228 USPQ 863 (TTAB 1985).

**Illustration 5.** Highlighted Excerpt from Ruud Submission
to the Trademark Office; Ex. D, p. 6.

21.    Ruud further explained to the Trademark Office that its "AVIATOR" mark was for use in connection with "large fixed-mount outdoor lighting fixtures for parking lots, roadways, shopping malls and other public places."  (Ex. D, p. 1).

22.    To that end, Ruud submitted to the Trademark Office a photograph of what it said were the fixtures it used in connection with "AVIATOR."   This picture, reproduced below, presumably shows the subject outdoor, pole-mounted or wall-mounted fixtures lighting a parking area of a city street.



**Illustration 6**.  Photograph Ruud submitted to the Trademark
Office showing its outdoor "AVIATOR" fixture; Ex. D, p. 11.

23.    Ruud also represented to the Trademark Office that its products are not "bought

casually," but are purchased by "sophisticated purchasers, who exercise extra care":

> Third, the goods of both parties are not impulse items bought casually, but are items carefully purchased by sophisticated purchases.  Exhibit B not only shows the types of purchasers of the flashlights, but the third page of such exhibit shows a price in excess of $100 for the subject flashlight.  Thus, the purchasers involved buying any of the subject products are certainly sophisticated purchasers, who exercise extra care.  Furthermore, the parties are not competitors.

**Illustration 7.** Highlighted Excerpt from Ruud Submission
to the Trademark Office; Ex. D, p. 7.

## "AVIATOR": A COMMON NOUN

24.    In addition to Ruud's representations to the Trademark Office demonstrating that the scope of protection afforded by its registration, if any, is very narrow, the fact that "AVIATOR" is a commonly used noun also establishes that any trademark rights that could attach to the word "AVIATOR" are very narrow.

25.    In addition to "AVIATOR" being a commonly used noun, "AVIATOR" is widely used by many entities as a trademark, including by several entities in the lighting industry.

26.    Records of the Trademark Office indicate that there are today over 40 active trademark registrations for marks that include "AVIATOR."  (Ex. E).

27.    The multiple uses of "AVIATOR" in the lighting industry are shown, for example, by a federal trademark registration for "AVIATOR" for flashlights owned by SureFire; Hinkley Lighting's use of "AVIATOR" for various lighting products, including wall and ceiling mounted bathroom fixtures; and Adesso Lighting's use of "AVIATOR" for a floor lamp.  (Ex. F).

28.    These uses of "AVIATOR" by others in the lighting field are in addition to Ruud's use of "AVIATOR" and Focal Point's planned use of "AVIATOR," and they demonstrate that the scope of Ruud's rights, if any, is very narrow.

### COUNT I:
### DECLARATORY JUDGMENT THAT FOCAL POINT DOES NOT INFRINGE ANY TRADEMARK RIGHTS THAT RUUD HAS IN "AVIATOR"

29.    Focal Point specifically repeats and realleges the allegations of Paragraphs 1-28 of this Complaint as though fully set forth herein.

30.    Focal Point has not infringed and does not infringe any alleged rights in Ruud's '694 trademark registration, nor does Focal Point infringe any alleged trademark rights that Ruud has in "AVIATOR," whether common law or otherwise.

31.    A declaration by this Court establishing Focal Point's non-infringement of the '694 trademark registration and any other rights that Ruud may have in "AVIATOR," whether common law or otherwise, is necessary to resolve the actual and justiciable controversy now existing between the parties as discussed in this Complaint.

## RELIEF REQUESTED

**WHEREFORE,** Focal Point respectfully requests that:

A.    The Court enter a declaratory judgment that Focal Point does not infringe Ruud's '694 trademark registration, or any alleged trademark rights that Ruud has in "AVIATOR," whether common law or otherwise;

B.    The Court award Focal Point its attorneys' fees and costs in bringing this action; and

C.    The Court award such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment to the Constitution of the United States of America, Focal Point hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated:  May 16, 2008

By: /s/ Michael L. Krashin
Erik S. Maurer (6275467)
     emaurer@bannerwitcoff.com
Michael L. Krashin (6286637)
     mkrashin@bannerwitcoff.com

11

BANNER & WITCOFF, LTD.
10 S. Wacker Drive – Suite 3000
Chicago, Illinois  60606
Telephone:  (312) 463-5000
Facsimile:   (312) 463-5001

**Attorneys for Plaintiff Focal Point, L.L.C.**

08CV2859   RCC
JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

# EXHIBIT A

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 77403905**
**Filing Date: 02/22/2008**

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 77403905 |
| **MARK INFORMATION** | |
| *MARK | AVIATOR |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | AVIATOR |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Focal Point, LLC |
| *STREET | 4201 S. Pulaski Road |
| *CITY | Chicago |
| *STATE (Required for U.S. applicants) | Illinois |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants only) | 60632 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | LIMITED LIABILITY COMPANY |
| STATE/COUNTRY WHERE LEGALLY ORGANIZED | Illinois |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| *INTERNATIONAL CLASS | 011 |
| *DESCRIPTION | Indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings |
| FILING BASIS | SECTION 1(b) |
| **ATTORNEY INFORMATION** | |
| NAME | Michael L. Krashin |
| ATTORNEY DOCKET NUMBER | 011687.00081 |

| FIRM NAME | Banner & Witcoff, Ltd. |
|---|---|
| STREET | 10 S. Wacker Dr., Suite 3000 |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60606 |
| PHONE | 312.463.5000 |
| FAX | 312.463.5001 |
| EMAIL ADDRESS | bwptotm@bannerwitcoff.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| OTHER APPOINTED ATTORNEY | Julie Brown Ackerman, William J. Allen, Elizabeth Almeter, Robert F. Altherr, Mark T. Banner, Katie Becker, Matthew P. Becker, William W. Beckett, Joseph J. Berghammer, Jordan N. Bodner, Holly Bonar, Phoebe Phillips Bower, Brian Brisnehan, Scott A. Burow, Justin Busch, James V. Callahan, Steve S. Chang, Gregory J. Cohan, Jeffrey M. Cox, Marc S. Cooperman, Ross A. Dannenberg, Gary D. Fedorochko, Ted L. Field, Katie Fink, William J. Fisher, John M. Fleming, David R. Gerk, Christopher R. Glembocki, Shawn P. Gorman, Michael J. Harris, Lisa M. Hemmendinger, Allen E. Hoover, Dale H. Hoscheit, John P. Iwanicki, Sarah A. Kagan, Anthony W. Kandare, Robert S. Katz, William J. Klein, Matthew Kohner, Aimee B. Kolz, Linda A. Kuczma, Thomas Lerdal, Rick Lin, Ernest V. Linek, David Lowry, Erik S. Maurer, Peter D. McDermott, Christopher L. McKee, Nina L. Medlock, Timothy C. Meece, Frederic M. Meeker, Charles L. Miller, Helen H. Minsker, Shaoni Mitchell, Janice V. Mitrius, Darrell G. Mottley, Dima Moussa, Andy Mu, Jon O. Nelson, Paul J. Nykaza, Aseet Patel, Binal J. Patel, Wayne H. Porter, Joseph M. Potenza, Thomas K. Pratt, Brad Rademaker, William F. Rauchholz, Jon Reali, Tim Rechtien, Christopher J. Renk, Robert H. Resis, Paul M. Rivard, Rebecca P. Rokos, Christopher B. Roth, Gregory G. Schlenz, Stephen L. Sheldon, Charles W. Shifley, Jason S. Shull, Joseph M. Skerpon, Benjamin C. Spehlmann, Richard S. Stockton, Judith Stone-Hulslander, Jeanne Tanner, J. Pieter van Es, Brad Van Pelt, Sheldon W. Witcoff, Franklin D. Wolffe, Susan A. Wolffe, Bradley C. Wright |

## CORRESPONDENCE INFORMATION

| NAME | Michael L. Krashin |
|---|---|
| FIRM NAME | Banner & Witcoff, Ltd. |
| STREET | 10 S. Wacker Dr., Suite 3000 |
| CITY | Chicago |
| STATE | Illinois |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 60606 |

| PHONE | 312.463.5000 |
|---|---|
| FAX | 312.463.5001 |
| EMAIL ADDRESS | bwptotm@bannerwitcoff.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| **FEE INFORMATION** | |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 325 |
| *TOTAL FEE DUE | 325 |
| *TOTAL FEE PAID | 325 |
| **SIGNATURE INFORMATION** | |
| SIGNATURE | /Michael L. Krashin/ |
| SIGNATORY'S NAME | Michael L. Krashin |
| SIGNATORY'S POSITION | Attorney of Record |
| DATE SIGNED | 02/22/2008 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 09/30/2008)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 77403905**
**Filing Date: 02/22/2008**

## To the Commissioner for Trademarks:

**MARK:** AVIATOR (Standard Characters, see mark)
The literal element of the mark consists of AVIATOR.
The mark consists of standard characters, without claim to any particular font, style, size, or color.
The applicant, Focal Point, LLC, a limited liability company legally organized under the laws of Illinois, having an address of 4201 S. Pulaski Road, Chicago, Illinois, United States, 60632, requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended.

    International Class 011:  Indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).
The applicant hereby appoints Michael L. Krashin and Julie Brown Ackerman, William J. Allen, Elizabeth Almeter, Robert F. Altherr, Mark T. Banner, Katie Becker, Matthew P. Becker, William W. Beckett, Joseph J. Berghammer, Jordan N. Bodner, Holly Bonar, Phoebe Phillips Bower, Brian Brisnehan, Scott A. Burow, Justin Busch, James V. Callahan, Steve S. Chang, Gregory J. Cohan, Jeffrey M. Cox, Marc S. Cooperman, Ross A. Dannenberg, Gary D. Fedorochko, Ted L. Field, Katie Fink, William J. Fisher, John M. Fleming, David R. Gerk, Christopher R. Glembocki, Shawn P. Gorman, Michael J. Harris, Lisa M. Hemmendinger, Allen E. Hoover, Dale H. Hoscheit, John P. Iwanicki, Sarah A. Kagan, Anthony W. Kandare, Robert S. Katz, William J. Klein, Matthew Kohner, Aimee B. Kolz, Linda A. Kuczma, Thomas Lerdal, Rick Lin, Ernest V. Linek, David Lowry, Erik S. Maurer, Peter D. McDermott, Christopher L. McKee, Nina L. Medlock, Timothy C. Meece, Frederic M. Meeker, Charles L. Miller, Helen H. Minsker, Shaoni Mitchell, Janice V. Mitrius, Darrell G. Mottley, Dima Moussa, Andy Mu, Jon O. Nelson, Paul J. Nykaza, Aseet Patel, Binal J. Patel, Wayne H. Porter, Joseph M. Potenza, Thomas K. Pratt, Brad Rademaker, William F. Rauchholz, Jon Reali, Tim Rechtien, Christopher J. Renk, Robert H. Resis, Paul M. Rivard, Rebecca P. Rokos, Christopher B. Roth, Gregory G. Schlenz, Stephen L. Sheldon, Charles

W. Shifley, Jason S. Shull, Joseph M. Skerpon, Benjamin C. Spehlmann, Richard S. Stockton, Judith Stone-Hulslander, Jeanne Tanner, J. Pieter van Es, Brad Van Pelt, Sheldon W. Witcoff, Franklin D. Wolffe, Susan A. Wolffe, Bradley C. Wright of Banner & Witcoff, Ltd., 10 S. Wacker Dr., Suite 3000, Chicago, Illinois, United States, 60606 to submit this application on behalf of the applicant. The attorney docket/reference number is 011687.00081.

Correspondence Information:                    Michael L. Krashin
                                               10 S. Wacker Dr., Suite 3000
                                               Chicago, Illinois 60606
                                               312.463.5000(phone)
                                               312.463.5001(fax)
                                               bwptotm@bannerwitcoff.com (authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

### Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

Signature: /Michael L. Krashin/   Date Signed: 02/22/2008
Signatory's Name: Michael L. Krashin
Signatory's Position: Attorney of Record
RAM Sale Number: 7676
RAM Accounting Date: 02/25/2008
Serial Number: 77403905
Internet Transmission Date: Fri Feb 22 15:05:37 EST 2008
TEAS Stamp: USPTO/BAS-208.97.242.130-200802221505373
50734-77403905-4007fdac326da4248482bfb9d
589c7ecd8-DA-7676-20080222134959914827

# AVIATOR

# AVIATOR

08CV2859    RCC
JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

# EXHIBIT B

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31, and 34

**United States Patent and Trademark Office**

Reg. No. 3,286,694

Registered Aug. 28, 2007

## TRADEMARK
### PRINCIPAL REGISTER

# AVIATOR

RUUD LIGHTING, INC. (WISCONSIN COR-
PORATION)
9201 WASHINGTON AVENUE
RACINE, WI 53406

FOR: OUTDOOR POLE-MOUNTED OR WALL-
MOUNTED ELECTRICAL PARKING, ROADWAY
AND AREA LIGHTING FIXTURES, IN CLASS 11
(U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 1-31-2005; IN COMMERCE 1-31-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SN 76-567,090, FILED 12-24-2003.

STEVEN R. FINE, EXAMINING ATTORNEY

08CV2859
JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

# EXHIBIT C

## JANSSON SHUPE & MUNGER LTD.

INTELLECTUAL PROPERTY LAW

PETER N. JANSSON
JOHN E. MUNGER
RICHARD W. WHITE*
MOLLY HOGAN McKINLEY
MATTHEW M. FANNIN
JULIE F. KIREY*
LARRY L. SHUPE (OF COUNSEL)
EDWARD R. ANTARAMIAN (OF COUNSEL)

REPLY TO:          WISCONSIN OFFICE

                   245 MAIN STREET
                   RACINE, WI 53403
                   PHONE: 262/632-6900
                   FAX: 262/632-2257

*NOT ADMITTED IN ILLINOIS

WWW.JANLAW.COM

                                                   ILLINOIS OFFICE

                                       207 EAST WESTMINSTER
                                       LAKE FOREST, IL 60045
                                       PHONE: 847/283-0900
                                       FAX: 847/283-0901

May 9, 2008
(via fax to 312-463-5001)

Michael L. Krashin, Esq.
Banner & Witcoff, Ltd.
10 S. Wacker Drive, Suite 3000
Chicago, Illinois  60606-7437

**Subject:  Infringement of AVIATOR Trademark**

Dear Mr. Krashin:

We represent Ruud Lighting, Inc., of Racine, Wisconsin, manufacturer and marketer of the AVIATOR® lighting fixtures and many other lighting fixtures.  We address this letter to you because you are counsel of record for Focal Point Lighting, Inc., on Trademark Application Serial No. 77/403,905 for "Aviator" used in connection with indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings.

As your client Focal Point Lighting, Inc. knows, Ruud has been in the lighting business for more than twenty-five years and is well known in the industry.  Its AVIATOR® lighting fixtures have been sold for over three years.  Ruud is owner of United States Trademark Registration No. 3,286,694 for AVIATOR for "outdoor pole-mounted or wall-mounted electrical parking, roadway and area lighting fixtures."  Ruud's AVIATOR mark is used throughout the country and beyond.  Our client has expended substantial sums in promoting its lighting fixtures under the AVIATOR trademark.

Recently, our client became aware of a Focal Point Internet announcement of certain new products to be launched under the trademark "Aviator," with launch apparently scheduled for the upcoming LightFair in Las Vegas.  In looking into this, Focal Point's pending federal intent-to-use trademark application came to our attention.  We note that the stated goods are indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings.

Your client's planned use of the trademark "Aviator" constitutes infringement of our client's AVIATOR trademark in that it would create a likelihood of public confusion.  This would be very damaging to our client – and to the public interest.

On behalf of Ruud, we insist that your client immediately change its intention regarding the use of the "Aviator" trademark.  More specifically, Focal Point not promote lighting products under the "Aviator" mark at the 2008 LightFair or otherwise.  We have endeavored to contact you about this immediately so that you client can make the necessary changes before LightFair.

Michael L. Krashin, Esq.                    - 2 -                              May 9, 2008

     We also request that you expressly abandon your pending trademark application for "Aviator."

     We look forward to your client's prompt response, in the hope that this matter can be resolved quickly. If you need immediate assistance, please contact Julie Kirby of our firm, otherwise, you can contact me on Monday, May 12.

                    Very truly yours,

                    Peter N. Jansson

PNJ/kf

08CV2859   RCC
JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

# EXHIBIT D

PTO Form 1957 (Rev 8/2005)
OMB Control #0651-0050 (Exp. 04/30/2006)

# Response to Office Action

## The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 76567090 |
| **MARK SECTION (no change)** | |
| **ARGUMENT(S)** | |

### REQUEST FOR RECONSIDERATION

This is in response to the Office Action mailed March 14, 2005.

In the Office Action, the Examining Attorney has issued a final refusal under section 2(d) of the Trademark Act (15 USC §1052(d)) based on the contention that applicant's mark may be confusingly similar to the mark AVIATOR & Design of Registration No. 2,735,112 ("the '112 registration") for "flashlights."

Applicant reasserts that there is no likelihood of confusion between applicant's mark used for outdoor lighting fixtures and the registered mark used for flashlights, and that the refusal under §2(d) is inappropriate.

The Examining Attorney maintains that the issue is not likelihood of confusion between particular goods, but likelihood of confusion of source of the goods and that trade channels must be examined. In response to this assertion, applicant states that the goods <u>must</u> be compared because the products are so different, consumer confusion to source is not possible. Likewise, because the goods are so different they do not have similar channels of trade.

Applicant maintains that the goods are distinguishable and that confusion to source is highly unlikely. The fact is the goods identified in the '112 registration are "flashlights." On the other hand, applicant's goods are "outdoor pole mounted or wall-mounted electrical parking, roadway and area lighting fixtures." Applicant's lights are intended to be used as large fixed-mount outdoor lighting fixtures for parking lots, roadways, shopping malls and other public places. They are not to be held in a person's hand to supplement light source. Applicant submits that no consumer looking for a flashlight would mistakenly purchase an outdoor pole mounted or wall-mounted "electric" lighting fixture. The opposite is also true. Thus, the source of the goods could not be confused because of the extreme differences in the products and purposes. Past decisions of the TTAB and Federal courts have concluded that a "per se" rule that goods in the same general field and bearing the same mark are so similar or related that confusion as to origin is likely is contrary to the basic tenets of trademark law. *See In re The Shoe Works, Inc.*, 6 USPQ 2d 1890, 1891 (TTAB 1990) (no "per se" rule for foods); *Information Resources, Inc. V. X*Press Information Services*, 6 USPQ 1d 1034, 1038 (TTAB 1988) (no "per se" rule for computer software/hardware); *Interstate Brands v. Celestial Seasonings*, 576 F.2d 926, 928 (C.C.P.A. 1978) (no "per se" rule that the use of the same mark on different items of wearing apparel is likely to cause confusion).

The channels of trade are different. Applicant concedes that the channels of trade for the goods of the '112 registration are not restricted to the internet. But, applicant respectfully requests that the Examining Attorney consider the sophistication of purchasers for these two products. Although, a contractor might purchase a flashlight for use at a construction job, he would know the difference between the products because of the size, purpose and cost of the products.

Finally, applicant respectfully requests that the Examining Attorney reconsider these third-party registrations showing the same mark has been granted for flashlights and electric lighting fixtures by the United States Patent & Trademark Office.

| Trademark | Registration No. | Goods |
|---|---|---|
| LUMINATOR | 1,820,557 | Flashlights. |
| LUMINATOR | 0,865,651 | Interior and exterior electric lighting fixtures, *inter alia*. |
| MIRAGE | 2,564,522 | Flashlights. |
| MIRAGE | 2,901,616 | Electric lighting fixtures. |
| SABRELITE | 1,288,867 | Flashlights. |
| SABRELIGHT | 1,800,060 | Electric lighting fixtures. |

| H20 | 2,846,758 | Flashlights. |
| H20 | 2,807,681 | Lamps for lighting; *inter alia.* |

For all the foregoing reasons, applicant respectfully submits that there is no likelihood of confusion between applicant's mark and the mark of the '112 Registration. The application is in form for allowance, and approval for publication is earnestly solicited. Applicant also wishes to inform the Examining Attorney that a Notice of Appeal of the final refusal was filed on today's date with the Trademark Trial and Appeal Board.

Respectfully submitted.

## GOODS AND/OR SERVICES SECTION (no change)

## SIGNATURE SECTION

| RESPONSE SIGNATURE | /peter n jansson/ |
| SIGNATORY NAME | Peter N. Jansson |
| SIGNATORY POSITION | Attorney for Applicant |
| SIGNATURE DATE | 09/14/2005 |

## FILING INFORMATION SECTION

| SUBMIT DATE | Wed Sep 14 16:23:13 EDT 2005 |
| TEAS STAMP | USPTO/OA-6912812538-20050 914162313359285-76567090- 200fb95e69d1e8bc8e63bec32 2c653d6c8e-N-N-2005091416 2054306683 |

PTO Form 1957 (Rev 8/2005)

OMB Control #0651-0050 (Exp. 04/30/2006)

<hr>

## Response to Office Action

## To the Commissioner for Trademarks:

Application serial no. **76567090** is amended as follows:

**Argument(s)**

In response to the substantive refusal(s), please note the following:

## REQUEST FOR RECONSIDERATION

This is in response to the Office Action mailed March 14, 2005.

In the Office Action, the Examining Attorney has issued a final refusal under section 2(d) of the Trademark Act (15 USC §1052(d)) based on the contention that applicant's mark may be confusingly similar to the mark AVIATOR & Design of Registration No. 2,735,112 ("the '112 registration") for "flashlights."

Applicant reasserts that there is no likelihood of confusion between applicant's mark used for outdoor lighting fixtures and the registered mark used for flashlights, and that the refusal under §2(d) is inappropriate.

The Examining Attorney maintains that the issue is not likelihood of confusion between particular goods, but likelihood of confusion of source of the goods and that trade channels must be examined. In response to this assertion, applicant states that the goods <u>must</u> be compared because the products are so different, consumer confusion to source is not possible. Likewise, because the goods are so different they do not have similar channels of trade.

Applicant maintains that the goods are distinguishable and that confusion to source is highly unlikely. The fact is the goods identified in the '112 registration are "flashlights." On the other hand, applicant's goods are "outdoor pole mounted or wall-mounted electrical parking, roadway

and area lighting fixtures." Applicant's lights are intended to be used as large fixed-mount outdoor lighting fixtures for parking lots, roadways, shopping malls and other public places. They are not to be held in a person's hand to supplement light source. Applicant submits that no consumer looking for a flashlight would mistakenly purchase an outdoor pole mounted or wall-mounted "electric" lighting fixture. The opposite is also true. Thus, the source of the goods could not be confused because of the extreme differences in the products and purposes. Past decisions of the TTAB and Federal courts have concluded that a "per se" rule that goods in the same general field and bearing the same mark are so similar or related that confusion as to origin is likely is contrary to the basic tenets of trademark law. *See In re The Shoe Works, Inc.,* 6 USPQ 2d 1890, 1891 (TTAB 1990) (no "per se" rule for foods); *Information Resources, Inc. V. X\*Press Information Services,* 6 USPQ 1d 1034, 1038 (TTAB 1988) (no "per se" rule for computer software/hardware); *Interstate Brands v. Celestial Seasonings,* 576 F.2d 926, 928 (C.C.P.A. 1978) (no "per se" rule that the use of the same mark on different items of wearing apparel is likely to cause confusion).

The channels of trade are different. Applicant concedes that the channels of trade for the goods of the '112 registration are not restricted to the internet. But, applicant respectfully requests that the Examining Attorney consider the sophistication of purchasers for these two products. Although, a contractor might purchase a flashlight for use at a construction job, he would know the difference between the products because of the size, purpose and cost of the products.

Finally, applicant respectfully requests that the Examining Attorney reconsider these third-party registrations showing the same mark has been granted for flashlights and electric lighting fixtures by the United States Patent & Trademark Office.

| Trademark | Registration No. | Goods |
|---|---|---|
| LUMINATOR | 1,820,557 | Flashlights. |
| LUMINATOR | 0,865,651 | Interior and exterior electric lighting fixtures, *inter alia.* |
| MIRAGE | 2,564,522 | Flashlights. |
| MIRAGE | 2,901,616 | Electric lighting fixtures. |
| SABRELITE | 1,288,867 | Flashlights. |
| SABRELIGHT | 1,800,060 | Electric lighting fixtures. |
| H20 | 2,846,758 | Flashlights. |
| H20 | 2,807,681 | Lamps for lighting; *inter alia.* |

For all the foregoing reasons, applicant respectfully submits that there is no likelihood of confusion between applicant's mark and the mark of the '112 Registration. The application is in form for allowance, and approval for publication is earnestly solicited. Applicant also wishes to inform the Examining Attorney that a Notice of Appeal of the final refusal was filed on today's date with the Trademark Trial and Appeal Board.

Respectfully submitted.

## Response Signature

Signature: /peter n jansson/     Date: 09/14/2005
Signatory's Name: Peter N. Jansson
Signatory's Position: Attorney for Applicant

Serial Number: 76567090
Internet Transmission Date: Wed Sep 14 16:23:13 EDT 2005
TEAS Stamp: USPTO/OA-6912812538-20050914162313359285
-76567090-200fb95e69d1e8bc8e63bec322c653
d6c8e-N-N-20050914162054306683

PETER N. JANSSON*
JOHN E. MUNGER*
EDWARD R. ANTARAMIAN
RICHARD W. WHITE
JOHN W. BAIN
_____
LARRY L. SHUPE (OF COUNSEL)
*ALSO ADMITTED IN ILLINOIS
WWW.JANLAW.COM
EMAIL: JANLAW@JANLAW.COM

## JANSSON, SHUPE & MUNGER, LTD.

INTELLECTUAL PROPERTY LAW

REPLY TO:

**WISCONSIN OFFICE**

245 MAIN STREET
RACINE, WI 53403
PHONE: 262/632-6900
FAX: 262/632-2257

**ILLINOIS OFFICE**

207 EAST WESTMINSTER
LAKE FOREST, IL 60045
PHONE: 847/283-0900
FAX: 847/283-0901

January 27, 2005

Box Response No Fee
Commissioner for Trademarks
2900 Crystal Drive
Arlington, Virginia 22313-1451

Subject: **Response to Office Action for Trademark AVIATOR**
**Application Serial No. 76/567,090**
**Applicant: Ruud Lighting, Inc.**

Dear Sir:

Enclosed herewith is the Response and Amendment to the official Office Action issued on July 28, 2004. I understand there is no fee for filing this Response and Amendment, however, if incorrect, please debit the fee from Deposit Account No. 10-0270 and notify the undersigned.

All correspondence regarding this matter should be addressed to attorney Peter N. Jansson at the above-noted address and telephone number.

Very truly yours,

*Kathryn L. Finder*

Kathryn L. Finder

KLF
Enclosure

### Certificate of Mailing by Express Mail

The undersigned hereby certifies that this correspondence is being deposited with the United States Postal Service as Express Mail No. EV602239568US in an envelope addressed to Box Response No Fee, Commissioner for Trademarks, P. O. Box 1451, Arlington, VA 22313-1451 on the 27th day of January, 2005.

_____                    _____
Date                                                              Name

## IN THE UNITED STATES PATENT & TRADEMARK OFFICE

In re Trademark Application of:     )
    )
Ruud Lighting, Inc.     )
    ) Examining Attorney: Steven Fine
Serial No. 76/567,090     )
    ) Law Office: 110
Filed: November 4, 2002     )
    )
Mark: **AVIATOR**     )

**BOX RESPONSE**
Commissioner for Trademarks
P. O. Box 1451
Alexandria, VA 22313-1451

### AMENDMENT AND RESPONSE

This is in response to the Office Action mailed July 28, 2004.

Kindly amend as follows:

Delete the original identification of goods and replace it with the following:

-- Outdoor pole-mounted or wall-mounted electrical parking, roadway and area lighting fixtures, in International Class 11.--

The mark is presented in standard characters without claim to any particular font style, size or color.

### Remarks

Applicant has amended the goods to more specifically indicate the goods with which the mark will be used and submitted the standard character claim requested by the Examining Attorney. Therefore, the related objections have been overcome.

In the Office Action, the Examining Attorney has refused registration under section 2(d) of the Trademark Act (15 USC §1052(d)) based on the contention that applicant's mark may be confusingly similar to the mark AVIATOR & Design of Registration No. 2,735,112 ("the '112 registration") for "flashlights."

In Re Application Serial No.: 76/567,090                               Page 2 of 5

Applicant respectfully submits that there is no likelihood of confusion between applicant's mark used for outdoor light fixtures and the registered mark used for flashlights, and that the refusal under §2(d) is inappropriate at least for the reasons presented below.

First, the goods of the '112 Registration and applicant's goods are radically different. Simply because the goods in question both involve lighting does not *per se* require a finding of likelihood of confusion. *In re Quadram Corp.*, 228 USPQ 863 (TTAB 1985).

The '112 Registration designates its goods as "flashlights," while applicant's goods are large fixed-mount outdoor lighting fixtures. In addition to noting applicant's statement of goods, applicant refers the Examining Attorney to Exhibit A, a print-out from applicant's website. This further substantiates the nature of applicant's as lighting fixtures for outdoor use such as along roadways, in parks, shopping malls and other public areas. It is apparent that applicant's goods have nothing whatsoever to do with flashlights, and that the flashlights of the '112 Registration have nothing whatsoever to do with any sort of large fixed-mount lighting fixtures and certainly nothing to do with applicant's outdoor pole-mounted or wall-mounted parking, roadway and area lighting fixtures. (The issue of whether the public is likely to consider that similar marks on *such different goods* are from the same source is dealt with later in this document.)

Second, not only are the goods different, they are sold in radically different channels of trade. Applicant refers the Examining Attorney to the attached printout (see attached Exhibit B) from the website of the registrant of the '112 Registration, which states:

> "... the A2 Aviator is perfect for anyone needing a high and low beam in a single long-running flashlight. In other words, it's perfect for <u>campers, hikers, boaters, everyone</u>." (emphasis added)

If not apparent just from the fact that the goods of the '112 Registration are flashlights, *i.e.*,

In Re Application Serial No.: 76/567,090                                    Page 3 of 5

things typically purchased by individuals for personal use, such website, by reciting *individuals* ("campers, hikers, boaters, everyone"), indicates that registrant's product is in fact for personal use. In contrast, applicant's goods are sold to institutions, such as municipalities, contractors and the like. It is more than apparent that the goods travel in different channels of trade.

Third, the goods of both parties are not impulse items bought casually, but are items carefully purchased by sophisticated purchases. Exhibit B not only shows the types of purchasers of the flashlights, but the third page of such exhibit shows a price in excess of $100 for the subject flashlight. Thus, the purchasers involved buying any of the subject products are certainly sophisticated purchasers, who exercise extra care. Furthermore, the parties are not competitors.

Finally, the Examining Attorney has cited several third-party registrations each of which recites a list of goods including both flashlights and other electric lighting fixtures, and argues that "the same mark is often applied to both flashlights and electric lighting fixture." Before commenting on the specific third-party registrations and owners and their business, it must be pointed out that there are also multiple situations in which the Patent & Trademark Office has granted separate registrations on the Principal Register to different owners for identical trademarks for flashlights and for other lighting products – thus showing that the same mark is often applied *by different owners* for flashlights in one case and lighting fixtures in the other.

Some examples include the following:

| Trademark | Registration No. | Registration Date | Different Registrants | Goods |
|-----------|------------------|-------------------|----------------------|-------|
| LUMINATOR | 1,820,557 | 02/08/94 | Dorcy International, Inc. | Flashlights. |
| LUMINATOR | 0,865,651 | 04/13/93 | Luminator Holding, LP | Interior and exterior electric lighting fixtures, *inter alia* |
| MIRAGE | 2,564,522 | 04/23/02 | Armament Systems & Procedures, Inc. | Flashlights. |
| MIRAGE | 2,901,616 | 11/09/04 | Acuity Brands, Inc. | Electric lighting fixtures. |

In Re Application Serial No.: 76/567,090                                    Page 4 of 5

| SABRELITE | 1,288,867 | 08/07/84 | David Parker d/b/a Pelican Products. | Flashlight. |
| SABRELIGHT | 1,800,060 | 10/19/93 | Jahabow Industries, Inc. | Electric lighting fixtures. |
| H20 | 2,846,758 | 05/25/04 | Emissive Energy Corp. | Flashlights. |
| H20 | 2,807,681 | 01/27/04 | Inda S.P.A. | Lamps for lighting; *inter alia*. |

In this connection, brief comments are in order on certain of the various registrations

cited by the Examining Attorney:

- For one thing, it is believed that the owner of Registration No. 2,266,432 for the mark

  XELOGEN is engaged in promoting a particular type of novel lamp, and is attempting

  to show its wide application. (This can be seen in Exhibit C, which are website sheets

  from the owner of the XELOGEN mark. This helps to explain why, in that unique

  situation, the lamp-related mark XELOGEN might be used somehow in association

  with extremely widely varying types of lighting products.

- The mark SCRIBE, which is the subject of a registration by a French company known

  as Marketing Light Export Joint Stock Company, is believed to be used in a very

  general sense. The owner appears to be an export company, obtaining and exporting a

  very wide variety of products. While such company may or may not have some role in

  control of quality, it is not believed to be a manufacturer. A mark seen on an export

  shipping crate is not necessarily particularly and uniquely associated with any specific

  product. No website was found for this export company.

While information could not be found concerning the owners or operations of the marks

FREEPLAY, owned by a British company (Baylis Generators Ltd.), or CNA, owned by a

Canadian company (CNA International Enterprises, Inc.), each of these registrants has an

extremely wide variety of products (dozens of them or more), and this may well indicate that the

marks are used in a very general sense. This in turn suggests that the existence of such

In Re Application Serial No.: 76/567,090                                    Page 5 of 5

registrations which include flashlights and lighting fixtures among the recitations of many goods

is not a forceful indication that consumers would expect similar marks used in connection with

flashlights and lighting fixtures to indicate a common source of such products.  As to the mark

BELLABEAM, owned by Victoria McDermott, nothing could be found.

On balance the four pairs of registrations noted above, each by two different owners,

appear to argue more strongly that registration of applicant's mark AVIATOR for outdoor

lighting fixtures will not give rise to a likelihood of confusion with the mark of the '112

Registration which relates to flashlights.

For all the foregoing reasons, applicant respectfully submits that there is no likelihood of

confusion between applicant's mark and the mark of the '112 Registration.  The application is in

form for allowance, and approval for publication is earnestly solicited.

Dated: January 27, 2005.

Respectfully submitted,

Peter N. Jansson

Jansson, Shupe & Munger, Ltd.
245 Main Street
Racine, WI  53403
Phone:  262/632-6900
Fax:  262/632-2257
Email:  pjansson@janlaw.com

### Certificate of Express Mailing

The undersigned hereby certifies that this correspondence is being deposited with the United States Postal Service as
Express Mail No. EV669395680S addressed to Box Response No Fee, Commissioner for Trademarks, P. O. Box
1451, Alexandria, Virginia 22313-1451 on the 2⁷ᵗʰ day of January, 2005.

1/27/05
Date

_____ W. Ulia
Name

RUUD LIGHTING EUROPE



# Catalogue

### ✧ Lines

Company
Production
Catalogue
   Lines
      Aviator
      Square
      Square High Mast
      Rectangular
      Round
      Wedge
      Urban Design
      Microflood
      Directional
      Security
      Round Bollard
   Poles
   Search
Projects

Aviator

**characteristics**  products



**Products**

  AC

  VPR

With the new AVIATOR series, the essential lines of Square are flanked by a fixture with an innovative and elegant design, perfectly in line with the parameters of functionality, safety and photometric yield, that fits harmoniously into the most demanding urban contexts. The AVIATOR system represents the ideal solution for lighting all outdoor areas, like roadways, parks, sites with architectural value, shopping malls and public areas. The technology and design enable each device in this series to blend into the urban context in a compliant and functional manner.





# Catalogue

Company
Production
Catalogue
    Lines
        Aviator
        Square
        Square High Mast
        Rectangular
        Round
        Wedge
        Urban Design
        Microflood
        Directional
        Security
        Round Bollard
    Poles
    Search
Projects

## ❖ Lines

< aviator line  tech sheets >

**characteristics** | photometric | mountings | accessories and options | projects

### Aviator AC













colours



/BK

/SB

The AC Optics – Area Cut-off- have an asymmetrical forward-throw reflector with a main beam of 60° in the transversal plane and a wide longitudinal emission. This is the best choice for ensuring lighting with absolute visual comfort and extremely high horizontal and vertical uniformity. Suitable for installation on poles or directly on building façades or guttering it is the ideal solution for lighting shopping malls, historic centres, and residential areas. Thanks to a sliding shield inside the closing frame of the device it is possible to regulate and even totally eliminate the backlight (SBL accessory). The optics are designed for the device to function at 0° (without any tilting) without any dispersion of the light flux towards the upper hemisphere.





Lighting fixture with interchangeable precision optics for high pressure metallic iodide or sodium discharge lamps of from 150W up to 400W. The device body is in die-cast aluminium treated with the DeltaGuardÔ finishing system guaranteed for seven years, consisting of decontamination and pre-treatment of the metal, the electrostatic application of an epoxy primer and a polyester powder finish. The supporting bracket is incorporated into the device for mounting on poles or walls. The optical housing closes with a hinged door fitted with tempered glass. Rapid tool-free opening system by means of two levers incorporated in the door. Reduced surfaces exposed to the wind thanks to rounded edges. Power supply unit housed inside, mounted onto quick release brackets for tool-free maintenance. Quick connection isolating switch for isolating mains and lamp. Class I

08CV2859   RCC
JUDGE KENNELLY
MAGISTRATE JUDGE DENLOW

# EXHIBIT E

## ACTIVE TRADEMARK REGISTRATIONS THAT INCLUDE "AVIATOR"

### Federal

| No. | Serial No. | Mark and Status |
|-----|-----------|-----------------|
| 1 | 78-483970 | **ACORN AVIATOR** (Block letters)  Int'l 28  Registered |
| 2 | 78-424498 | **HOLLYWOOD AVIATORS** (and Design)  Int'l 39 41  Registered |
| 3 | 78-398797 | **HARTFORD 401 AVIATOR** (Block letters)  Int'l 36  Registered |
| 4 | 78-317514 | **AVIATOR** (and Design)  Int'l 28  Registered |
| 5 | 78-260363 | **CASTROL AVIATOR**  Int'l 4  Registered |
| 6 | 78-235245 | **AVIATOR CARGO**  Int'l 25  Registered |
| 7 | 78-205643 | **AUDIO AVIATORS**  Int'l 41  Registered |
| 8 | 78-076739 | **AVIATOR**  Int'l 12  Registered |
| 9 | 78-919808 | **AV8R** (Block letters)  Int'l 9  Registered |
| 10 | 78-812458 | **TA TRAINING AVIATORS** (Stylized)  Int'l 9  Registered |
| 11 | 78-548476 | **AVIATOR** (Block letters)  Int'l 9  Registered |
| 12 | 78-737155 | **STAR AVIATOR** (Block letters)  Int'l 19  Registered |
| 13 | 78-737197 | **STAR MICRO-PAVE AVIATOR** (Block letters)  Int'l 19  Registered |
| 14 | 77-203505 | **AVIATOR** (Block letters)  Int'l 5  Registered |
| 15 | 77-139714 | **SPACE COAST AVIATOR** (Block letters)  Int'l 16  Registered |
| 16 | 76-978154 | **ALABAMA AVIATOR** (and Design)  Int'l 39  Registered |
| 17 | 76-507528 | **AVIATOR**  Int'l 9  Registered |
| 18 | 76-567090 | **AVIATOR** (Block letters)  Int'l 11  Registered |
| 19 | 76-578408 | **COASTAL BEND AVIATORS** (and Design)  Int'l 25 41  Registered |
| 20 | 76-578450 | **AVIATORS** (Block letters)  Int'l 41  Registered |
| 21 | 76-622566 | **ALABAMA AVIATOR** (and Design)  Int'l 16  Registered |
| 22 | 76-324708 | **VIRTUALAVIATOR**  Int'l 41  Registered |
| 23 | 76-172495 | **AVIATORWAREHOUSE**  Int'l 35  Registered |
| 24 | 76-129355 | **AVIATOR**  Int'l 10  Registered |
| 25 | 76-108264 | **AV8R GEAR**  Int'l 35  Registered |
| 26 | 76-000313 | **AVIATOR**  Int'l 11  Registered |
| 27 | 75-632321 | **AVIATOR**  Int'l 9  Registered |
| 28 | 75-790973 | **AVIATOR PRO** (and Design)  Int'l 9  Registered |
| 29 | 75-791280 | **AVIATOR PILOT** (and Design)  Int'l 9  Registered |
| 30 | 75-937697 | **AVIATOR PILOT**  Int'l 9  Registered |
| 31 | 75-937696 | **AVIATOR PRO**  Int'l 9  Registered |
| 32 | 75-894953 | **PROCESS AVIATOR**  Int'l 9  Registered |
| 33 | 75-853571 | **AVIATOR SERIES**  Int'l 7  Registered |
| 34 | 75-853570 | **AVIATOR SERIES**  Int'l 37  Registered |

| No. | Serial No. | Mark and Status |
|---|---|---|
| 35 | 75-516196 | **AVIATOR**   Int'l 7   Registered |
| 36 | 75-376374 | **AVIATOR**   Int'l 8   Registered |
| 37 | 75-000746 | **DAKOTA AVIATOR**   Int'l 14   Registered |
| 38 | 74-642516 | **AMERICAN AVIATOR** (and Design)   Int'l 9 16   Renewed |
| 39 | 74-404772 | **AVIATORS CARD**   Int'l 36   Renewed |
| 40 | 74-356900 | **AVIATOR** (and Design)   Int'l 16   Renewed |
| 41 | 74-356761 | **AVIATOR** (and Design)   Int'l 16   Renewed |
| 42 | 74-123322 | **THE AVIATOR'S STORE**   Int'l 42   Renewed |
| 43 | 73-757770 | **THE AVIATORS' GUILD**   Int'l 42   Registered |
| 44 | 73-227684 | **AVIATORS HOT LINE**   Int'l 16   Renewed |
| 45 | 73-072110 | **AVIATOR**   Int'l 12   Renewed |
| 46 | 71-277226 | **AVIATOR**   US 22   Renewed |

**State**

| No. | Serial No. | Mark and Status |
|---|---|---|
| 47 | AZ178641 | **MILE HIGH AVIATORS**   US   Registered |
| 48 | AZ153535 | **LEAGUE OF EXTRAORDINARY AVIATORS**   US   Registered |
| 49 | AZ116899 | **AV8RS** (and Design)   Int'l 25   Registered |
| 50 | WA015557 | **AVIATOR LANDING ALE HOUSE & CAFE**   Int'l 43   Registered |
| 51 | WA015556 | **AVIATOR ALE**   Int'l 32   Registered |
| 52 | WA014947 | **AVIATOR GREAT ALES. FAIR WINDS.** (and Design)   Int'l 32   Registered |
| 53 | ND026449 | **AVIATOR'S SUPPLY**   US   Registered |
| 54 | WI026531 | **AVIATOR'S CHOICE**   US   Registered |
| 55 | NC006227 | **THE SOUTHERN AVIATOR** (and Design)   Int'l 16   Renewed |
| 56 | LA041003 | **THE AVIATORS GROUP** (and Design)   US   Registered |
| 57 | HI145623 | **MAUI AVIATORS**   Int'l 39 41   Renewed |

# EXHIBIT F

Int. Cl.: 11

Prior U.S. Cls.: 13, 21, 23, 31, and 34

Reg. No. 2,735,112

## United States Patent and Trademark Office

Registered July 8, 2003

## TRADEMARK
### PRINCIPAL REGISTER

## AVIATOR

SUREFIRE, LLC (CALIFORNIA LTD LIAB CO)
18300 MOUNT BALDY CIRCLE
FOUNTAIN VALLEY, CA 92708 BY ASSIGNMENT
  LASER PRODUCTS LTD. (PARTNERSHIP)
  FOUNTAIN VALLEY, CA 92708

    FOR: FLASHLIGHTS, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 12-13-2002; IN COMMERCE 12-13-2002.

SN 76-000,313, FILED 3-14-2000.

DAVID H. STINE, EXAMINING ATTORNEY

CSN LIGHTING
The Best Selection of Lighting Online!
part of csn stores shop easy
Home | My Account | Shopping Cart ( 0 items )
SHOP BY ITEM | SHOP BY BRAND | SALES & PROMOTIONS | ADVICE CENTRAL | CUSTOMER SERVICE
SEARCH: Hinkley Lighting FOR GO! ADVANCED SEARCH
Call Us Toll Free (800) 457-2109

Free Shipping and No Sales Tax
On Just About Everything! * Now Through May 26th!

*Sales tax applies in MA

110% PRICE MATCH GUARANTEE
• WE HONOR COMPETITORS' COUPONS
• SOME EXCLUSIONS APPLY
• EMAIL OR CALL FOR DETAILS
(CLICK HERE FOR DETAILS)

Complete your room's décor with blinds from LEVOLOR

Widest Selection of custom and pre-made designs and finishes.

All Lighting » Shop Lighting by Brand » Hinkley » The Aviator Collection

# The Aviator Collection from Hinkley Lighting

Aviator collection offers simple lines and a classic look. Featured with solid brass in a brushed nickel finish, the opal etched glass shades compliments the look by creating a bold and unique balance between the fixtures brushed nickel base and opal etched glass.

Features:

- Sconces, vanities, and flush mounts
- Solid Brass in Brushed Nickel finish
- Opal etched glass shades

The Aviator Collection Pieces:

View By Standard 40 Items Per Page GO! **Image Size:** Small | Large

**View Page:** 1 (1 total pages) Displaying 1 - 5 of 5 items

Hinkley Lighting - Aviator 1-Light Wall Sconce in Brushed Nickel
$70.20
$ Free Shipping!

Hinkley Lighting - Aviator 3-Light Vanity Strip in Brushed Nickel
$142.20
$ Free Shipping!

Hinkley Lighting - Aviator 4-Light Vanity Strip in Brushed Nickel
$178.20
$ Free Shipping!

Hinkley Lighting - Aviator 2-Light Vanity Strip in Brushed Nickel
$106.20
$ Free Shipping!

Hinkley Lighting - Aviator 3-Light Flush Mount in Brushed Nickel
$124.20
$ Free Shipping!

**View Page:** 1 (1 total pages) Displaying 1 - 5 of 5 items

BROWSE

- Ceiling Lighting
- Outdoor Lighting
- Wall Lighting
- Ceiling Fans
- Track Lighting
- Recessed Lighting
- Under Cabinet Lighting
- Interior Lamp
- Chandelier Lighting
- Pendant Lighting
- Flush Lighting
- Closet Lighting
- Bathroom Vanity Lights
- Wall Sconces
- Wall Display Lights
- Night Lights
- Table Lamps
- Floor Lamps
- Desk Lamps
- Therapeutic Lamps
- Outdoor Wall Lanterns
- Outdoor Post Lanterns
- Solar Lighting
- Energy Star Lighting
- Lighting Accessories

Cooking.com® 100% satisfaction guarantee HELP CART Now offering over 90,000 Items!

HOME | SPECIAL VALUES | GIFT IDEAS | WEDDING REGISTRY | RECIPES & MORE | FORUM
FREE NEWSLETTERS | BUYING GUIDES | MY ACCOUNT | TOP BRANDS | CONTACT US | STORES

SEARCH
Keyword or Item#
Advanced Search

BROWSE
New Items
Top Rated
Summer Essentials

Bakeware
Barware
College Logo Shop
Commercial Kitchen
Cookbooks
Cook's Tools
Cookware
Cutlery
Food and Drink
Furnishings
Home Keeping
Just For Kids
Kitchen Fixtures
Large Appliances
Outdoor Living
Small Appliances
Storage and Organization
Tableware
Dinnerware
Drinkware
Flatware
Serveware
Table Accents
Vacuum Cleaners
Clearance

Top Brands
Calphalon
KitchenAid
All-Clad
Cuisinart
Henckels
Wusthof
Le Creuset
Starbucks

Corporate Gifts
Gift Cards
Email Offers

Recipes

EATINGWELL Cookie Contest Win a $2,000 Baker's Kitchen
Submit Your Recipe

Kitchen Fixtures > Floor Lamps > Torchiere/Uplight

# 5161 - Aviator Torchiere

*Contemporary/Modern* by Adesso Lighting

add to my wish list | view my wish list

ships from:
**Allied Trade Group**
merchant info

**Our Price: $153.00**

Quantity: 1

ADD TO CART

**SPECIAL ORDER**

Item #292448

**Adesso Lighting 5161 - Aviator Torchiere:**
**Usually Ships In:** 7-9 Days
*(Item #292448) w0*

**Sorry, this item is unavailable for shipment to Canada.**

## PRODUCT CHARACTERISTICS

| | |
|---|---|
| Dimensions: | Width: 16" - Height: 71" - Length: 4.75" - |
| Finish Options: | Satin Steel |
| Lamp Options: | (2)150w A21 Med F Incandescent |

## Can we improve something on this page?

If we're missing any information about this item which would be helpful or if you have found something that is confusing or in error, please tell us so we can improve our site.

Sorry, we are not able to respond to comments entered above.

SUBMIT

**Sign Up** to get Special Offers and Updates: Enter email address GO

SPECIAL OFFERS

Save $90 on All-Clad Pan
Use this 12-in. Nonstick LTD Grill Pan for breakfast foods, grilled sandwiches, burgers and more. Non-reactive surface. Lifetime Warranty.
$54.95 BUY

Starbucks Verona Blend Set
Enjoy caffeinated and decaffeinated versions of this bestselling smooth coffee.
$21.10 BUY



