UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FOCAL POINT, L.L.C., | ) | |
|     Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | **Case No.: 08-CV-2859** |
| vs. | ) | |
| | ) | Judge Matthew F. Kennelly |
| RUUD LIGHTING, INC., | ) | |
|     Defendant/Counterclaim-Plaintiff. | ) | Mag. Judge Denlow |

___

### DEFENDANT/COUNTERCLAIM-PLAINTIFF'S
### ANSWER, AFFIRMATIVE DEFENSE AND COUNTERCLAIMS
___

Defendant/counterclaim-plaintiff, Ruud Lighting, Inc. ("Ruud"), hereby responds to the complaint of plaintiff/counterclaim-defendant, Focal Point, L.L.C. ("Focal Point"), as follows:

**The Parties**

1. Admit.

2. Admit.

**Jurisdiction and Venue**

3. Admit.

4. Ruud admits the Focal Point seeks a declaratory judgment that it does not infringe but otherwise denies the allegations in paragraph 4 of the Complaint.

5. Admit.

6. Ruud admits personal jurisdiction and other allegations, but assumes that the pleading meant "with the judicial district" rather than "the forum."

7. Admit.

**Focal Point and Its Architectural Lighting Products**

8. Ruud is without sufficient information to admit or deny the allegations of paragraph 8.

9. Ruud is without sufficient information to admit or deny the allegations of paragraph 9, but admits that ceiling mounted, suspended architectural lighting fixtures are among Focal Points products.

10. Ruud is without sufficient information to admit or deny the allegations of paragraph 10.

11. Ruud is without sufficient information to admit or deny whether Focal Point has designed "a new, high-efficiency, indoor, ceiling mounted, recessed lighting fixture" and so leaves Focal Point to its proofs. Ruud admits, as it had just learned, that Focal Point filed a federal intent-to-use trademark application with the Unites States Patent and Trademark Office on February 22, 2008, for "Aviator" for use in "indoor, ceiling mounted, recessed electric lighting fixtures used in office or commercial settings." Ruud further states that such Focal Point trademark application has not yet been examined by the USPTO.

12. Ruud is without sufficient information to admit or deny the allegations of paragraph 12, and so leaves Focal Point to its proofs, except that Ruud admits that it had just learned of Focal Point's advertisement and its plan to launch the product at Lightfair which prompted Ruud's correspondence with Focal Point concerning the infringement.

13. Ruud is without sufficient information to admit or deny the allegations of paragraph 13.

14. Ruud admits the allegations of paragraph 14, including that Ruud's AVIATOR registration has a statement of goods as quoted by Focal Point, but denies the allegation of

limitation of the effect of such trademark rights and registration given, the likelihood-of-confusion test which is controlling.

15. Ruud admits that it sent Focal Point the letter, a copy of which is attached as Exhibit C to Focal Point's complaint.

16. Ruud admits that its AVIATOR registration has a statement of goods as quoted by Focal Point, but denies each and every other allegation of paragraph 16.

17. Admit.

18. Ruud admits that Focal Point products include indoor lighting fixtures, but is without sufficient information to admit or deny as to the intent of Focal Point customers in the use of Focal Point products. Ruud denies that the particular Focal Point product which Focal Point presently intends to offer under the "Aviator" brand is not in direct competition with the AVIATOR line of Ruud products.

19. Ruud denies that any statements made during prosecution of its AVIATOR registration are limiting in nature with respect to Focal Point's use of the "Aviator" mark. Ruud admits that Focal Point's Exhibit D includes portions of the Ruud AVIATOR prosecution history file, but denies the implication that such portions are the most relevant to this matter.

20. Admit.

21. Admit.

22. Ruud admits that the photo depicts a Ruud product which is sold under the Ruud AVIATOR trademark registration, but denies any implication that such product is the only Ruud AVIATOR product and that the photo in any way limits Ruud's trademark rights under its AVIATOR trademark registration vis-a-vis Focal Point's use of the "Aviator" mark.

23. Admit.

24. Deny.

25. Ruud admits that the word "aviator" is a commonly used noun and that third parties use the word "aviator" as a mark. Ruud admits that the word "aviator" is used for flashlights and, very recently, for residential floor lamps and residential bathroom light fixtures, but denies that the word "aviator" is used as a mark by "several entities in the lighting industry."

26. Admit.

27. Admit; see answer to paragraph 25.

28. Deny; see answer to paragraph 25.

29. Ruud incorporates herein by reference their answers to paragraphs 1-28 above as if fully set forth herein.

30. Deny.

31. Ruud admits that there is a justiciable controversy, but denies Focal Point's allegation of non-infringement.

## AFFIRMATIVE DEFENSE

Ruud asserts that Ruud has statutory and common law rights which are infringed by Focal Point's use of the "Aviator" mark.

## COUNTERCLAIMS

### Parties

1. Ruud is a Wisconsin corporation having its principal place of business at 9201 Washington Avenue, Racine, Wisconsin.

2. Upon information and belief, Focal Point, is a Delaware corporation having its principal place of business at 4201 South Pulaski Road, Chicago, Illinois.

### Jurisdiction and Venue

3. This action arises under the Trademark Laws of the United States and, more particularly, under the Lanham Act §§32 and 43(a)(1), (c) and (d) (15 USC §§1114 and 1125(a)(1), (c) and (d)). Jurisdiction is conferred on this Court pursuant to Lanham Act §39(a) (15 USC §1121(a)) and 28 USC §1338(a) and (b).

4. Venue is proper in this judicial district pursuant to 28 USC § 1400(b) because infringement by Focal Point has occurred in this district; venue is also proper in this judicial district pursuant to 28 USC § 1391(b) because a substantial part of the events giving rise to the claim occurred in this district and, pursuant to 28 USC § 1391(c), because Focal Point does or has done business in this district and is subject to personal jurisdiction in this district.

### Background of the Counterclaim Action

5. Ruud is a Wisconsin-based company engaged in the manufacture and nationwide distribution and sale of a variety of lighting fixtures, including those for commercial and industrial applications under three Ruud divisions, Ruud Lighting, Beta Lighting and Kramer Lighting.

6. On December 24, 2003, Ruud filed a trademark application with the United States Patent and Trademark Office (USPTO) for the mark AVIATOR. Ruud's AVIATOR® trademark was first used by Ruud at least as early as January 31, 2005, and was registered by the PTO on August 28, 2007 as United States Trademark Registration No. 3,286,694, which registration is valid and subsisting.

7. Ruud's AVIATOR® trademark registration recites use on "outdoor pole-mounted or wall-mounted electrical parking, roadway and area lighting fixtures." Ruud also uses the AVIATOR trademark on indoor lighting fixtures.

8. Ruud's use of its AVIATOR trademark on lighting fixtures has been continuous and nationwide since of thereof began. Ruud has accumulated substantial goodwill in its AVIATOR trademark, and it stands for the single source of Ruud's commercial lighting fixtures offered and sold under such mark.

9. Upon information and belief, Focal Point is engaged in the manufacture and nationwide distribution and sale of commercial lighting fixtures, and is a competitor of Ruud.

10. In late April 2008, Ruud became aware through a Focal Point advertisement that Focal Point was planning the launch of a new lighting product under the mark "Aviator" at the 2008 Lightfair International trade show ("Lightfair 2008") in Las Vegas, a large trade show.

11. Focal Point has begun promoting and offering, and is continuing to promote and offer, commercial lighting products under the "Aviator" mark.

12. Ruud has demanded that Focal Point cease and desist from its use of the "Aviator" mark, but Focal Point has refused to comply. Indeed, Focal Point filed a declaratory judgment action to which these counterclaims are in response.

## COUNT I
### Infringement of United States Trademark Registration No. 3,286,694

13. Paragraphs 1-12, and Ruud's answer and affirmative defense to Focal Point's complaint, are realleged and incorporated by reference as if fully set forth herein.

14. Focal Point's use of the "Aviator" trademark has not been authorized by Ruud.

15. Focal Point's use of the "Aviator" mark is likely to cause public confusion, mistake and/or deception as to the origin, sponsorship or approval of Focal Point's products, and thus constitutes trademark infringement in violation of §32 of the Lanham Act.

16. Continued use of the "Aviator" mark by Focal Point will amount to Focal Point's trading on Ruud's goodwill, and will give Focal Point's products a salability to which they are not entitled and which they otherwise would not have.

17. Ruud is damaged and will continue to be damaged by Focal Point's infringement of Ruud's registered AVIATOR® trademark. Such infringement causes and will continue to cause irreparably harm unless such conduct is enjoined by this Court; thus, Ruud is without an adequate remedy at law.

18. This case is an exceptional case under 15 USC §1117(a), entitling Ruud to an award of reasonable attorney's fees.

## COUNT II
### Infringement of Common Law Trademark Rights.

19. Ruud realleges and incorporates by reference the allegations of paragraphs 1-18 as if fully set forth herein.

20. Ruud has established valuable common law rights in its AVIATOR trademark for use on commercial lighting fixtures by virtue of its continuous use of such mark since its usage thereof began.

21. Focal Point's constitutes infringement of Ruud's common law trademark rights.

22. Ruud is damaged and will continue to be damaged by Focal Point's infringement of Ruud's common law rights in its AVIATOR trademark.

## COUNT III
## False Designation of Origin Under 15 USC §1125 (a)

23. Ruud realleges and incorporates by reference the allegations of paragraphs 1-22 as if fully set forth herein.

24. Focal Point's infringing use of the "Aviator" mark is and has been in interstate commerce.

25. Ruud believes that it is damaged and is likely to continue to be damaged by such conduct of Focal Point.

26. Such usage constitutes a false designation of origin under 15 USC §1125(a)

\* \* \* \* \*

**WHEREFORE**, Ruud prays that this Court enter judgment in favor of Ruud and against Focal Point as follows:

A. Dismissal of Focal Point's complaint, with Focal Point taking nothing thereon;

B. A finding that Focal Point infringes Ruud's United States Trademark Registration No. 3,286,694 for Ruud's AVIATOR® mark and Ruud's common law rights in such mark;

C. A finding that Focal Point's conduct constitutes false designation of origin under 15 USC §1125(a);

D. A grant of preliminary and permanent injunction against further infringement by Focal Point of Ruud's AVIATOR mark;

E. An award of monetary damages to Ruud from Focal Point toward compensating Ruud for its damages;

F.  A finding that the case is exceptional within the meaning of 15 USC §1117(a) and ordering Focal Point to reimburse Ruud's reasonable attorneys' fees;

G.  An award to Ruud of its full costs and expenses in this action; and

H.  Such other and further relief as this Court deems just.

## Jury Demand

Ruud hereby demands trial by jury on all issues triable to a jury.

Dated this 23rd day of May, 2008.

                                Respectfully submitted,

                                RUUD LIGHTING, INC.

                                By    s/Peter N. Jansson
                                    Peter N. Jansson (IL Bar #1326074)

Peter N. Jansson
E-Mail: pjansson@janlaw.com
JANSSON SHUPE & MUNGER LTD.
207 East Westminister
Lake Forest, IL 60045

**MAILING ADDRESS:**
JANSSON SHUPE & MUNGER LTD.
245 Main Street
Racine, WI 53403
Tel:  262/632-6900
Fax: 262/632-2257